## STATE ex rel. BYRNE *vs.* HARVEY.

### ALTERNATIVE WRIT OF MANDAMUS.

Heard March 2, 1860.]                    [Decided March 6, 1860.

### *Commissioners of School Lands—Mandamus.*

The school land commissioners are required to issue patents for school lands, and not the secretary of state alone; therefore, an alternative writ of mandamus issued to the secretary of State, to compel him to issue the patent, will be quashed, upon motion.

If a relation for a mandamus to compel the issuing of a patent, shows that the land has been sold to the state, it must also show that the statement of the sale has been recorded, as required by statute, or the writ will be quashed.

The case of *Krebs vs. Dodge*, 9 Wis., 1, considered and approved.

The alternative writ in this case showed that one Ralph Gyles had obtained a loan of school money, and secured its payment by a mortgage upon an eighty acres of land, in Dane county; that the loan being unpaid, the land became forfeited, and the school land commissioners advertised the land for sale, on the 13th of December, 1859, at the capital; that on that day the land was struck off to the state, and afterwards, on the same day, the land was again offered for sale, and Byrne purchased it, in the name of William Owen, a subsequent purchaser from Gyles, and sent word to him to come in and execute the proper purchase papers, with the commissioners, but he neglected to do so, and that thereby

the land became forfeited to the state; that on the 17th of December, 1859, the land was again offered for sale, and Byrne bought it, in his own name, and paid the interest, and made his mortgage for the payment of the principal; that he had demanded his patent of the secretary of state, who had refused to deliver the same, and therefore he had sued out this writ.

This writ being served, the respondent, the secretary of state, moved to quash the writ.

*Jas. H. Howe*, Attorney General, with *Abbott, Gregory &amp; Pinney*, for the secretary of state.

*S. Crawford*, for the relator.

*By the Court*, PAINE, J. We think the motion to quash the alternative writ in this case must be granted. The writ was sued out to compel the secretary of state to issue a patent for certain forfeited mortgaged lands, which the relator claims to have bid in, on a re-sale. The obvious answer to the application is, that the secretary of state is not authorized by law to issue the patent, even if the relator were clearly entitled to it. The school land commissioners are required to issue patents, and the statute provides that they shall be signed by the governor, and this court has frequently refused to attempt by mandamus to compel the executive to perform that duty, which the law devolves upon him.

Another answer is, that the relation does not show that the title has ever yet vested in the state. It alleges that the land was bid in by the commissioners, and was re-sold to the relator; but it does not allege that the statement, which, on being recorded, as required by sec. 3, chap. 28, of the present Revised Statutes, vests the title in the state, was ever made or recorded. This court held, in the case of *Krebs vs. Dodge*, 9 Wis., 1, decided at the last term, that such statement was necessary, in order to convey the title to the state. If the case were otherwise proper for a mandamus, what would

have been the proper course of the relator with respect to the making and recording of this statement, assuming it not to have been made, it is unnecessary for us to determine.

And we do not feel called upon to go outside of the motion to determine questions not presented by it. Our time is sufficiently occupied in deciding questions that are presented, to preclude us from examining others, even if it were proper for us to do so.