The State ex rel. Comstock vs. Joint School District, etc.

28 Wis. 72; *Riess v. Delles,* 45 Wis. 662; *Gammon v. Abrams,* 53 Wis. 323; *Schweitzer v. Connor,* 57 Wis. 177. Circuit Court Rule XXI expressly provides that the court may find such value and assess such damages and that judgment may be thereupon entered. Certainly there is no error affecting any substantial right of the plaintiffs. Sec. 2829, R. S. Here the judgment is signed by the clerk, yet it is, nevertheless, the judgment of the court. The theory is that the property was wrongfully taken from the defendant's possession by virtue of the process, and that the court will place the parties *in statu quo.* It is not an adjudication of title in the defendant, and is not to be deemed a bar to a proper action for accounting between the parties. In fact the judgment here recites the nonsuit.

*By the Court.*— The judgment of the circuit court is affirmed.

The State ex rel. Comstock, Appellant, vs. Joint School District No. 1 of Arcadia, Trempealeau County, and No. 4 of Glencoe, Buffalo County, Respondent.

*March 16 — April 6, 1886.*

*(1, 2) Common schools: Constitutional law: School districts: Admission of non-resident children: Tuition fees. (3, 4) Mandamus: Practice.*

1. Sec. 3, art. X of the constitution, requiring the legislature to provide for the establishment of district schools "which shall be free and without charge for tuition, to all children between the ages of four and twenty years," is complied with when the legislature has provided for each such child the privileges of a district school which he or she may freely enjoy; and the legislature may then authorize each district to admit or refuse to admit to its school children nonresident in such district. [Whether a district may be authorized to charge tuition fees to nonresident children admitted to its school, not determined.]

The State ex rel. Comstock vs. Joint School District, etc.

2. Under subd. 12, sec. 430, R. S., it is entirely within the discretion of each district to admit or to refuse to admit nonresident children to its school.

3. *Mandamus* will not lie to control the exercise of discretion or official judgment.

4. In *mandamus* the first process should be an alternative writ.

APPEAL from the Circuit Court for *Trempealeau* County.

The relator presented his affidavit to the circuit court, in which he deposes that he resides within one mile of the school-house of the respondent district, but not in such district, and is a tax-payer therein; that there is no public school in session in the school district in which he resides, but there is one being held in the respondent district, and that the qualified electors of the latter district duly authorized the district board thereof to admit nonresident pupils to the privileges of the school therein on payment of a term fee of from three to six dollars. The names of the district officers are stated. The affidavit then proceeds as follows:

"That affiant's son, Adam Comstock, is a youth fourteen years of age; that he resides with his parents, and is a studious, quiet, and well-behaved child; that said Adam is well advanced for his years in all branches ordinarily taught in the public schools; that the educational advantages afforded in respondent district are superior and more suited to the requirements of said Adam than those afforded within the district where affiant resides; and that said Adam is anxious to avail himself of the benefits of said school, and the superior facilities for education therein afforded; that affiant, desiring that his said son should have the benefits of said school, and also to comply with the laws of this state relating to the education of children, did, on the 8th day of July, 1885, request in writing the said district board to admit his said son to the privileges of said school, but that said board refused said request unless affiant would

JANUARY TERM, 1886. 633

. The State ex rel. Comstock vs. Joint School District, etc.

first pay the sum of six dollars as and for one term's tuition fees for said Adam, which affiant declined to do; that on the 21st day of September, 1885, said Adam duly presented himself at said school for admission as a scholar thereof, but was rejected and refused such admission because of the nonpayment of said tuition fee.

"That the facilities of said school are in excess of the requirements of the scholars residing within said district; that nonresident scholars have heretofore been admitted to said school, and the admission of affiant's said son will in no degree interfere with the accommodation or instruction of the scholars residing within said district, and that he is refused such admission solely for the nonpayment of said tuition fee; that said district board have no right to charge said tuition fee; that affiant's said son is entitled to attend said school without the payment thereof; and that the demand thereof is unjust and an unlawful exaction, and in violation of section three, article ten, of the constitution of the state.

"Wherefore, affiant asks that a writ of peremptory *mandamus* be issued out of and under the seal of this court, directed to said *Joint School District No. 1 of Arcadia, Trempealeau County, and No. 4 of Glencoe, Buffalo County, Wisconsin*, or the proper officers thereof, commanding that said Adam Comstock be admitted to the privileges of the public school of said district, without the payment of tuition fee; and for such other or further order or relief in the premises as may be just."

Upon the foregoing affidavit an order upon the respondent district and its officers was granted, requiring them to show cause why the relief asked for in the affidavit should not be granted. The district moved the court to quash the application for a *mandamus*, and to dismiss all proceedings therein, for the alleged reasons that the affidavit does not show proper cause for issuing a writ of *mandamus*, or that the

relator is entitled to any relief; and it does not state facts sufficient to constitute a cause of · action. After hearing such motion the court ordered that the application for a *mandamus* be denied, and that such application be quashed and dismissed. The relator appeals from the order.

*E. Q. Nye,* for the appellant, contended, *inter alia,* that the powers of school districts are of the most restricted character. 1 Dillon on Mun. Corp. secs. 10, 11, 13; 2 id. sec. 761; *Stroud v. Stevens Point,* 37 Wis. 367; 78 Ill. 136. The rules and regulations made by them must be needful, proper, and reasonable. *State ex rel. Bowe v. Board,* 63 Wis. 234. Even the power of the legislature in respect to district schools is limited by the requirement that they shall be free and without charge for tuition. See *Robinson v. Schenck,* 102 Ind. 307; *Monroe v. Collins,* 17 Ohio St. 666–685. And what the legislature cannot do directly it cannot authorize the district to do. See, also, *State ex rel. Priest v. Regents,* 54 Wis. 159, and cases cited.

For the respondent the cause was submitted on the brief of *Cameron & Losey.* They argued, among other things, that the legislature might authorize a school district to exclude nonresident children or to impose the payment of tuition as a condition of their admission. If the system, as a whole, is free and without charge for tuition to all children between the ages of four and twenty years who attend at the time and place and in the manner which the legislature, in the exercise of its organizing and regulating power, has provided, the people have their constitutional rights. See Const. of Indiana, art. VIII, sec. 1; R. S. of Indiana (1881), sec. 4472; *Fogle v. Gregg,* 26 Ind. 345; Const. of Illinois, art. VIII, sec. 1; Starr & Curtis, Ann. Stat. p. 141; Id. ch. 122, par. 49; *Chase v. Stephenson,* 71 Ill. 383–5; Const. of Missouri, art. XI, sec. 1; R. S. of Missouri (1879), p. 83; Id. sec. 7045; Const. of Michigan, art. XIII, sec. 4; Comp. Laws of Mich. (1871), p. 71; Id. ch. 136, sec. 58. Subd. 12,

JANUARY TERM, 1886.    635

The State ex rel. Comstock vs. Joint School District, etc.

sec. 430, R. S., was first enacted in 1860 (sec. 1, ch. 352, Laws of 1860), and its validity has never until now been questioned. The practical construction of the constitution by the legislature, especially when commencing soon after its adoption, is entitled to great consideration from the courts. Cooley's Con. Lim. (4th ed.), 67, 82; Story on Const. sec. 408; *People ex rel. Williams v. Dayton*, 55 N. Y. 378; *Faribault v. Misener*, 20 Minn. 401; *Moers v. Reading*, 21 Pa. St. 188; *Lafayette, M. & B. R. Co. v. Geiger*, 34 Ind. 185, 199, 200; *Bunn v. People ex rel. Laflin*, 45 Ill. 397, 412; *State ex rel. Loring v. Benedict*, 15 Minn. 189; *State v. Mayhew*, 2 Gill (Md.), 487, 497; *Washington v. Page*, 4 Cal. 388.

LYON, J.   Sec. 3, art. X, of the constitution, reads as follows: "The legislature shall provide by law for the establishment of district schools, which shall be as nearly uniform as practicable; and such schools shall be free and without charge for tuition, to all children between the ages of four and twenty years; and no sectarian instruction shall be allowed therein." Counsel for appellant maintains (using his own language) "that a reasonable interpretation of the constitutional provision in question places no restriction as to the residence of the scholar, except that he or she reside within this state, and is of the proper age; and also that scholars may not be admitted to the public school of another district than that wherein they reside, when such admission will in any manner interfere with the accommodation or instruction of the scholars residing therein." From these propositions he argues that the appellant's affidavit shows that his son is absolutely entitled to the privileges of the school in the respondent district; and that he is so entitled without charge for tuition.

We find ourselves unable to assent to the proposition that a child residing in one school district has any absolute right, under any circumstances, to the privileges of the common

school of another district. The constitutional requirement is that "the legislature shall provide by law for the establishment of *district* schools." Inasmuch as there must be school districts before there can be district schools, and inasmuch as the school district system was in full operation in the territory when the constitution was framed and adopted, it is clear that section 3 of article X is a recognition of that system, and a mandate to the legislature to preserve and continue its essential features. One feature of that system is, and, so far as we are advised, always has been, wherever the system has prevailed, that the absolute right to the privileges of the school in any given district is confined to children residing in such district, and having the prescribed qualifications. We never before heard this proposition questioned or doubted, and we are aware of no adjudication to the contrary. We do not think any court has ever denied the proposition. Certainly no case to that effect has been cited to us.

But it is said that, unless the right claimed is asserted and enforced, the district schools of the state are not *free* to the children of the state of the prescribed age. It is conceded that nonresident children are not entitled to the privileges of a district school unless those privileges may be enjoyed without detriment to resident children. This limitation of the right is not found in the constitution. To concede it is to concede that the school is not absolutely free to nonresident children, but only conditionally so. The concession destroys the argument based upon the use of the word *free* in sec. 3, art. X. The proposition we are considering is, in substance and effect, that all or any of the district schools of the state are free to each child in the state within the prescribed ages. The utter impracticability of operating the district schools on any such basis is too plain for discussion. We think, and so hold, that when the legislature has provided for each such child the privileges of a district

school, which he or she may freely enjoy, the constitutional requirement in that behalf is complied with.    This the legislature has done.

It results from what has been said that it is competent for the legislature to authorize the several school districts to admit nonresident children to the privileges of their respective schools, or to exclude them therefrom.    The legislature having conferred such authority upon school districts (R. S. sec. 430, subd. 12), it is entirely in the discretion of each district to admit to its school any such nonresident children or child, or to refuse to do so.    The district is the sole judge as to whether the admission of such nonresidents will or will not "interfere with the accommodation or instruction of the scholars residing therein " (sec. 430, *supra*), and if it would not so interfere, still the district may lawfully close the doors of its school against nonresidents.

Because it is so absolutely in the discretion of the respondent school district to refuse the admission of appellant's son to the privileges of its school, the writ of *mandamus* cannot properly go to compel it to admit him; and it is quite immaterial if the district has refused to admit him on untenable grounds.    The absolute power to deny him admission, without assigning any reason therefor, still remains to the district.    Were this court to adjudge that the district cannot lawfully exact tuition fees as a condition of admitting appellant's son to its school, still it could not properly send the writ of *mandamus* to the district, ordering it to do so, for the writ might be defeated by an unconditional refusal of the district to admit him; or it might admit him, and immediately thereafter expel him.    If the district has no power to charge tuition fees to nonresident scholars, the only mandate the court could consistently send would be that if the district should, in the exercise of its discretion, admit the scholar, it should do so without requiring him to pay tuition fees.    It is scarcely necessary

to say that the writ of *mandamus* performs no such office, and cannot properly be issued in any such case. The books abound with cases which assert and enforce the rule that *mandamus* will not lie to control the exercise of discretion or official judgment. High, Extr. Rem. §§ 24, 42, and cases cited; *State ex rel. Lord v. Sup'rs Washington Co.* 2 Pin. 552; *State ex rel. Gill v. Common Council of Watertown,* 9 Wis. 254; *State ex rel. Byrne v. Harvey,* 11 Wis. 33; *State ex rel. Martin v. Doyle,* 38 Wis. 92. For the reasons here suggested the application for the writ was properly denied.

The question whether the clause in the statute above cited, which authorizes the district to charge tuition fees in such cases, is a violation of sec. 3, art. X, of the constitution, which ordains that the district schools shall be without charge for the tuition of the children therein mentioned, is not and cannot properly be here determined. We do not reach it. The question is interesting,— perhaps important. It was ably argued by the learned counsel, but the determination of it is not essential to judgment herein, and we leave it open until a case arises in which it becomes necessary to determine it.

As to the practice adopted in this case, it should be said that, instead of the order to show cause why a peremptory *mandamus* should not issue, the first process should have been an alternative writ of *mandamus.* It was so held in *State ex rel. Taylor v. Supervisors of Delafield,* 64 Wis. 218, where the whole subject is fully discussed in the opinion by Mr. Justice ORTON, and the practice settled.

*By the Court.*— The order of the circuit court is affirmed.