STATE EX REL. CAZIER VS. TURNER, Judge.

*February 21—March 14, 1911.*

Ne exeat: *Denial of writ: Appealable order:* Mandamus.

1. The circuit court, having jurisdiction to issue a writ of *ne exeat*, has also jurisdiction to deny it.
2. The writ of *ne exeat* is a provisional remedy and, an order denying the writ being appealable, the supreme court will not by *mandamus* compel the circuit court to vacate such an order.

APPLICATION to this court for a writ of *mandamus* against the Honorable WILLIAM J. TURNER, judge presiding in the circuit court for Racine county in the absence of Honorable E. B. BELDEN, to compel Judge TURNER to vacate certain orders denying motions of the relator for a writ of *ne exeat* against Elmer W. Hart and commanding him to issue said writ.

*Martin J. Gillen,* for the relator.

For the respondent there was a brief by *Kearney, Thompson & Myers,* and oral argument by *T. M. Kearney.*

TIMLIN, J. The relator is plaintiff in an action against Elmer W. Hart and others pending in the circuit court for Racine county before Judge WILLIAM J. TURNER. The action so pending is a suit in equity to set aside certain written instruments on the ground of fraud and for an accounting. The defendant Elmer W. Hart is a nonresident of this state and was in attendance upon said circuit court at Racine for the purpose of defending in that cause. The relator moved the circuit court to issue a writ of *ne exeat,* and that court on January 31, 1911, after hearing, by order denied the application for the writ. The application was renewed later and again denied on its merits. The circuit judge filed an opinion in writing stating the grounds in fact and in law for his decision.

The record is voluminous and the arguments and briefs of counsel cover a wide and interesting legal field. One objection lying at the threshold of the proceeding in this court is fatal to the application and only that will be noticed.

The circuit court has by statute (secs. 2784, 2785, Stats. 1898) and by its authority as a court of general equity jurisdiction power to issue this writ. It follows that it has jurisdiction to deny the writ. The power to issue includes the power to refuse to issue. A writ of *ne exeat* is a provisional remedy under our statute, because it is to be issued in an action at the time of issuing the summons or at any time afterward before judgment. The writ of *ne exeat* is in the nature of equitable bail, issued only by the special order of the court when the party is about to leave its jurisdiction and make its decree ineffectual. *Dean v. Smith,* 23 Wis. 483. It is ancillary to the action in which it is issued. It is analogous to an order of arrest in an action at law, which is also held to be a provisional remedy. *Pratt v. Page,* 18 Wis. 337; *Waterhouse v. Freeman,* 13 Wis. 339; *Jarvis v. Barrett,* 14 Wis. 591; *Chase v. Hill,* 13 Wis. 222; *Bell v. Olmsted,* 18 Wis. 69. See, also, *Witter v. Lyon,* 34 Wis. 564, 575, and Thompson on Provisional Remedies, there referred to, ch. 6. It is neither an action nor a special proceeding. Sec. 2594, Stats. (1898). An order refusing a provisional remedy is appealable. Sec. 3069, subd. 3. Other serious objections to the issue of the writ in the instant case might be put forward, but this is enough.

*By the Court.*—The peremptory writ of *mandamus* is denied to the relator.