# CASES DETERMINED

AT THE

# January Term, 1925.

STATE EX REL. SOUTHERN COLONIZATION COMPANY, Petitioner, vs. CIRCUIT COURT FOR ST. CROIX COUNTY and another, Defendants.

*March 10—May 12, 1925.*

*Mandamus: Office of writ: Stipulations: Nature and incidents: Joinder by third parties in stipulation of settlement: Jurisdiction of court: Alternative covenants: Penalties: Liquidated damages: Mistake: Performance or breach: Enforcement by mandamus to trial court.*

1. The writ of *mandamus* will not be used to enforce the functions of appeal or writ of error, but will be granted to compel an inferior court to act within its jurisdiction or to refrain from going beyond it when the duty is plain and imperative, substantial injury is threatened, other remedies are inadequate, and the application for relief is promptly and seasonably made. p. 3.
2. A stipulation is a contract made in the course of judicial proceedings, and the rights of persons who join therein are referable to the rights of the parties to the action in which the stipulation is made. p. 4.
3. The mere fact that a stipulation as made by the parties is signed by others, its performance guaranteed, or an agreement made to save a party harmless, does not divest the court of jurisdiction in the action. p. 4.
4. The presence of a guarantor or indemnitor who joins in the making of a stipulation in an action to which he is not a party, his liability, if any, arising only because he joined in the stipulation, is not necessary to a final determination of the action. p. 5.

State ex rel. Southern C. Co. v. Circuit Court, 187 Wis. 1.

5. The refusal of a court to pursue the only course open to it on the facts presented is a failure to perform a duty within its jurisdiction, and may be corrected by *mandamus* in the exercise of the superintending power of this court over inferior courts, under sec. 3, art. VII, Const.   p. 6.

6. An agreement in a stipulation of settlement that in case the defendant in the action failed to convey 8,000 acres of land, which the evidence indicated was of considerable value, to the plaintiff within a designated time, judgment would be entered in plaintiff's favor for $20,000 and costs, is in the alternative and not in the nature of a penalty, although the principle is recognized that alternative covenants cannot be used as a cover for a penalty. Even though the clause be regarded as one for liquidated damages it is valid.   p. 7.

7. Under the stipulation the defendant could elect which of the alternative covenants he would perform, and if he declined to convey the lands plaintiff would not be entitled to specific performance, but could only enforce the alternative covenant.   p. 7.

8. Performance of the alternative stipulation is not excused even though the covenant to convey was made under an excusably mistaken belief that the defendant had title to the lands.   p. 8.

9. A writ of *mandamus* is granted to compel the entry of a money judgment for plaintiff, in accordance with the alternative stipulation, on defendant's failure to convey, where the court had erroneously set aside the stipulation and ordered the cause set for trial; an appeal from the final judgment affording no adequate relief.   p. 9.

THIS IS AN ORIGINAL ACTION begun by petition in this court praying that an alternative writ of *mandamus* issue out of this court requiring the circuit court for Saint Croix county to enter judgment in favor of the petitioner and against Howard Cole & Company, Incorporated, pursuant to the terms of a certain stipulation and contract of settlement dated September 25, 1923. It appears that after the trial of a certain action had been entered upon in the circuit court for Saint Croix county there was an agreement or stipulation of settlement. Thereafter, upon motion of the defendant, the court set aside the stipulation and ordered that the cause stand for trial. From that order the plaintiff in that action,

the petitioner here, appealed to this court.    The case is reported *Southern Colonization Co. v. Howard Cole & Co. Inc.* 185 Wis. 469, 201 N. W. 817.

The stipulation and the order of the court setting it aside, together with other material facts, are set out as a part of the opinion upon the appeal, and only such reference thereto will be made here as is necessary to present the questions raised by the petitioner in this court.

It having been held upon the appeal that the order was not appealable, the petitioner alleges that if no relief be granted in this proceeding it will be compelled to wait until the cause shall have been fully tried and final judgment entered therein before it can have the order of the court refusing or directing a judgment to be entered upon the stipulation reviewed upon appeal, and that it will thereby suffer great and irreparable injury and damage; that to try said cause it will be required to bring witnesses from different parts of the United States and that it will be put to great expense in preparing for trial; and further alleges that the petitioner is entitled, as a matter of right, to judgment upon the stipulation and settlement, and that the petitioner has no sufficient or adequate remedy at law in the premises.    To the petition there was a demurrer.    The cause has been presented here upon oral arguments and briefs of counsel have been filed.

*Spencer Haven* of Hudson, attorney, and *George S. Grimes* of Racine, of counsel, for the petitioner.

For the defendants there was a brief by *Jeffris, Mouat, Oestreich, Avery & Wood* of Janesville and *N. O. Varnum* of Hudson, and oral argument by *Otto A. Oestreich.*

ROSENBERRY, J.    In this state the writ of *mandamus* will not be used to enforce the functions of appeal or writ of error.    *State ex rel. Milwaukee v. Ludwig,* 106 Wis. 226, 82 N. W. 158. *Mandamus* will be granted to compel an inferior court to act within its jurisdiction or to refrain from going beyond it when the duty is plain and imperative, substantial

injury is threatened, and other remedies are inadequate, and where the application for relief is promptly and seasonably made. *State ex rel. Milwaukee E. R. & L. Co. v. Circuit Court,* 133 Wis. 442, 113 N. W. 722.

The matter of the original jurisdiction of this court and when the superintending power vested by the constitution in the supreme court would be exercised was thoroughly considered in *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 79 N. W. 1081, and it was there held that this court may by *mandamus* compel an inferior court to perform a duty imposed by statute which is not discretionary in its nature, and may also compel action in cases where discretion is to be exercised, when it clearly appears that such discretion has not in fact been exercised or that action has been taken in manifest disregard of duty and without semblance of legal power, and where it further appears that there is no remedy by appeal, or that such remedy, if existing, is entirely inadequate, and the exigency is of such an extreme nature as to justify the interposition of such extraordinary superintending power.

The first contention of the petitioner is that the trial court had no right or power to set aside the contract of settlement in the absence of other parties to the agreement who were not parties to the action or before the court in the proceeding in which the agreement was set aside. The stipulation was set out in full in the former case, and it was signed not only by the parties and their attorneys but there were other parties to the stipulation and contract of indemnity by which the indemnitors agreed to save harmless Howard Cole & Company, Inc., from certain suits or proceedings therein referred to. As is stated in the former opinion, a stipulation is a contract made in the course of judicial proceedings and as such has some incidents that do not belong to ordinary contracts. One of these is that the rights of persons who join in such a stipulation are referable to the rights of the parties to the action in which the stipulation is made. The mere fact that

a stipulation as made by the parties is signed by others, or its performance guaranteed, or an agreement made to save harmless a party, does not thereby divest the court of its jurisdiction in the action, and the rights of all parties so joining in a stipulation must be held to be dependent upon the rights of the parties to the action in which the stipulation is made. The cases cited by counsel are cases in which an action had been begun for the purpose of rescinding or canceling contracts, and in that case, of course, all parties in interest must be joined. A guarantor or indemnitor of such contract may or may not be a necessary party. If he is, his presence in the action is necessary to a final determination thereof. That rule, however, has no application where a guarantor or indemnitor joins in the making of a stipulation in an action to which he is not a party and where his liability, if any, arises by reason of the fact that he joined in the stipulation, and not otherwise.

It is urged by the respondent in this action that the granting or denial of the motion made by the defendant to be released from the stipulation was within the exercise of the discretion of the trial court and therefore not reviewable in a *mandamus* proceeding. It is not necessary for us to reconsider the rule as to when this court will entertain, in the exercise of its superintending power over inferior courts given to it by sec. 3, art. VII, of the constitution, an application for a writ of *mandamus*. That subject was thoroughly and carefully reviewed in *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 623, 79 N. W. 1081. The court there said:

"A writ of *mandamus* compelling the trial court to accord to the creditors the exercise of their clear rights in the assignment proceedings cannot, therefore, be held an interference with judicial discretion, when no attempt is made to control the action of the court, or prescribe its judgment, after such rights have been exercised. . . . Furthermore, it is not entirely accurate to say that no act involving discretion can be controlled or corrected by *mandamus*. Where it

clearly appears that discretion has been not merely abused, but not exercised at all, or that the action taken by the inferior court is without semblance of legal cause, and no other adequate remedy exists, *mandamus* will lie to compel the specific action which should have been taken. *State ex rel. Buchanan v. Kellogg*, 95 Wis. 672, 70 N. W. 300. Such cases are, however, more apparent than real exceptions to the rule, because, when only one course is open to the court upon the facts presented, the pursuance of that course becomes the plain and absolute duty of the court, and the refusal becomes, in effect, a failure to perform a duty within its jurisdiction. It is not meant by this, however, that *mandamus* will be used to perform the functions of appeal or writ of error, as seems to have been the tendency in the supreme courts of Alabama and Michigan. The duty of the court must be plain, the refusal to proceed within its jurisdiction to perform that duty must be clear, the results of such refusal prejudicial, the remedy, if any, by appeal or writ of error utterly inadequate, and the application for relief by *mandamus* speedy and prompt, in order to justify the issuance of the writ."

If in the present case there was only one course open to the court upon the facts presented and the court refused to pursue that course as was its plain and absolute duty, such refusal was a failure to perform a duty within its jurisdiction and may be corrected by *mandamus*. The stipulation in this case was in the alternative. The respondent agreed thereby to convey certain lands therein described. It was further agreed that "in the event of the failure of the defendant herein to carry out this stipulation within the time stipulated and the default of said defendant continuing for a period of ninety days thereafter, then and in that event judgment may be entered in this action for the recovery by plaintiff from the defendant of the sum of $20,000, together with costs of this action."

While in the moving papers it is alleged that the proviso for the entry of judgment for the sum of $20,000 was in the nature of a drastic penalty, such does not appear to be the fact. The stipulation required the respondent to convey

8,000 acres of land, which would be at the rate of $2.50 per acre. The evidence indicates that the lands in question had considerable value. While there was no finding as to the actual value of the lands, Howard Cole, the managing officer of the respondent company, offered in the moving papers to pay for sections 7 and 17, if he was not able to procure title thereto, at the rate of $2.50 per acre. This was after the discovery of the fact that the respondent company had no title to said lands.

Upon a consideration of the whole record it is considered that the stipulation was in the alternative; that is, the performance of one covenant was in fact a substitute for the other; that that clause by which the plaintiff had a right to a judgment for $20,000 was not in the nature of a penalty. We recognize the principle that a contract which is alternative in form cannot be used as a cover for the enforcement of a penalty. 4 Page, Contracts, §§ 2114, 2116; 2 Williston, Contracts, p. 1490, § 782; 3 Williston, Contracts, p. 2497, § 1407, and cases cited.

If the covenant in regard to entry of judgment is regarded as one for liquidated damages, it is valid and enforceable under the law of this state. *Sheffield-King M. Co. v. Jacobs,* 170 Wis. 389, 175 N. W. 796, and cases cited.

While the respondent alleged in the moving papers in the court below that the covenant relating to the entry of judgment for $20,000 was not a substitute for the conveyance of the land therein agreed to, that allegation is overthrown by the undisputed facts and circumstances in the case. Here the parties were in court prepared to try an important suit, the attendance of witnesses had been procured at great expense, and it was clearly the intention of the parties to make a final disposition of the matter; and in order that there might be no avenue of escape, the parties, after a long negotiation, agreed to and signed the stipulation in question. Under the terms of the contract the promisor had it within his power to elect which of the alternative covenants he

would perform. If he declined for any reason to convey the lands in question, the petitioner would not have been entitled to specific performance, but its rights would have been dependent upon the alternative covenant. *Dekowski v. Stachura,* 176 Wis. 154, 185 N. W. 549.

It is the contention of the respondent, however, that the covenant respecting the conveyance of lands having been entered into under the mistaken belief that the respondent was the owner thereof, under such conditions as to constitute excusable mistake, such mistake vitiates the entire contract, and that the defendant, therefore, should be relieved from the performance of either alternative. We are referred to no case, and after diligent search we are unable to find one, dealing with this precise question. It has been held, however, that where one of the covenants of an alternative contract was originally impossible of performance, that fact constituted no excuse for the refusal to perform the alternative covenant. *Jones & Laughlin S. Co. v. Graham,* 273 Ill. 377, 112 N. E. 967; *Heinrich v. Jenkins,* 98 Minn. 489, 108 N. W. 877.

Where the promisor has elected to perform one covenant and its performance thereafter becomes impossible, the promisor, under such circumstances, has been held to be excused. *Essex S. S. Co. v. Langbehn,* 250 Fed. 98; 3 Williston, Contracts, p. 3333, § 1961, and cases cited.

Upon principle we see no distinction between these cases and the case at bar. Even if it be assumed that the covenant respecting the conveyance of land was made under circumstances showing excusable mistake, which is very doubtful in this case, the vendor being obliged to know whether or not he had title to the land in question (*McFarlane v. Dixon,* 176 Wis. 652, 187 N. W. 671), nevertheless the promisor should not be excused from performing the alternative any more than he should be excused in cases where performance of one alternative becomes impossible. In either case, as to the first alternative, performance would be excused. If im-

possibility of performance of one covenant is not a legal excuse for failure to perform the other alternative, we see no reason why excusable mistake as to one alternative should excuse performance of the other alternative. The default of the respondent being admitted, the petitioner here had a clear legal right to the entry of judgment in accordance with the terms of the stipulation. It is plain from the note appended to the order setting aside the stipulation that the trial judge labored under an erroneous view of the law in reaching the conclusion which he did. In a note appended to the order he said: "I am granting this relief under sec. 2832 of the Statutes, and solely because I believe that upon the showing made it would be an abuse of discretion not to grant it."

Whether the court regarded the covenant for the entry of judgment in the nature of a penalty, or whether he was of the view that a mistake of fact permeated the entire contract and therefore afforded grounds relieving the respondent from the performance of either alternative, does not appear. Under the law the petitioner here has been denied a clear legal right. It further appears that by reason thereof substantial damage will result to the petitioner and that its remedy by appeal from final judgment in the action affords no adequate remedy; that it has been guilty of no laches, and that the issuance of the writ in this case will be equitable. *State ex rel. Spence v. Dick,* 103 Wis. 407, 79 N. W. 421.

It necessarily follows, therefore, that the demurrer to the petition should be overruled and judgment entered awarding the petitioner the relief prayed for in the petition.

*By the Court.*—It is so ordered.