State ex rel. Wisconsin Power & Light Company, Relator, vs. Zimmerman, Circuit Judge, Respondent.

*October 14—November 8, 1927.*

*Mandamus: By supreme court: When granted: To interplead party defendant: Laches.*

1. Regardless of whether the right to interplead an additional party defendant is an absolute right or a matter in the court's discretion, delay in applying for such relief may be a sufficient ground for a denial of the application. p. 196.

2. Where issue in a death action against a power company was joined in May and the case noticed for trial at the September term of the circuit court, the failure of the defendant to apply for joinder of a city as a party defendant until the commencement of the term and just before possible trial is sufficient to justify the trial court's refusal of the application and to warrant a denial of a writ of *mandamus* by the supreme court to require the joinder.    pp. 197, 198.

ORIGINAL PROCEEDINGS by alternative writ of *mandamus* in this court.    *Motion to quash granted.*

April 30, 1926, one E. J. Theby was injured by contact with electric wires causing his death on May 1st.    A claim was asserted against the city of Columbus, in whose employ he was at the time, by his widow, and an award duly made to her by the industrial commission on July 1, 1926, of $5,600, with funeral expenses.

On April 20, 1927, an action was brought against the relator here, by the widow, also administratrix of the estate of said deceased, charging negligence on defendant's part and demanding in one cause of action to recover for the pain, suffering, and consequent damages, and in another for the death loss.

On May 21st the relator served its answer, denying negligence on its part and alleging as the proximate cause of said injury and death, negligence by the said city of Columbus. On May 25th the cause was duly noticed by plaintiff's attorneys for trial at the term of the circuit court for Dane county commencing September 12th.    The customary call of the calendar of causes then pending was not taken up until the 19th, at which time there had been made returnable and then heard, relator's order to show cause, due notice whereof had been given to the plaintiff's attorney and to the said city of Columbus to have the city of Columbus made a party defendant therein so that questions properly presented as between the relator on the one hand and the city of Columbus on the other might be determined.

On the hearing of said motion the city of Columbus appears to have made no objections to the entry of such order, but it was opposed by plaintiff.

The court on September 19th by oral order, in open court, denied the application, and on September 24th signed a written order so denying, and therein reciting from the records the dates above set forth as to the commencement of the action, the serving of the answer, the notice for trial, and the call of the calendar.

On September 27th, upon a petition of relator in which were recited substantially all the above facts and including a copy of the complaint and the answer of relator setting out the grounds upon which it claimed relief as against the city of Columbus, an alternative writ of *mandamus* directed to the respondent as such circuit judge was issued and duly served commanding him to so make the city of Columbus a party defendant or show cause to the contrary. Upon the return day the respondent moved this court to quash said alternative writ.

For the relator there was a brief by *Eugene L. McIntyre* of Milwaukee and *Schubring, Ryan, Clarke & Petersen* of Madison, and oral argument by *William Ryan.*

For the respondent there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Albert K. Stebbins,* of counsel, all of Milwaukee, and oral argument by *Mr. Stebbins.*

ESCHWEILER, J.    The respondent's motion to quash the alternative writ was properly made, should be granted, and the proceedings by relator in this court dismissed.

From an early time it has been recognized by this court that alternative writs of *mandamus,* such as here, being often hurriedly applied for and in seeming emergencies, without notice to other parties or persons interested and without argument, are generally issued unless they clearly show upon

their face that there is no support whatever for such writ. *State ex rel. Cothren v. Lean,* 9 Wis. 279, 281, the same case holding that under such situation a motion by respondent to quash the writ and proceedings because of want of proper grounds is an approved method of presenting the question and serves in the nature of a demurrer to such petition. Such a motion was entertained in *State ex rel. Board of Education v. Haben,* 22 Wis. 660, 662.

We do not reach and shall not consider the questions here argued as to whether, under the procedural statutes, such as sec. 260.19 (1), (3), (4), regulating interpleader, and sec. 263.15 (1), (2), as to relief between codefendants and interpleaded parties, a defendant situated as was the relator here towards the city of Columbus can insist upon the granting of such an application as an absolute duty imposed on the court, or whether it merely calls for the exercise of judicial discretion.

Whether absolute or discretionary, a right or a privilege, delay in applying for such relief may be sufficient reason for the denial of such application on the ground that by such delay there has been a waiver of such right or privilege.

Especially is this so in such an application as here, for it is only when the duty is absolute and imposed by law upon a respondent that such writ should issue. *State ex rel. Fire & Rust Proof C. Co. v. Icke,* 136 Wis. 583, 585, 586, 118 N. W. 196, 20 L. R. A. N. S. 800.

That delay to the injury of another party may be sufficient of itself to require a refusal of the writ is suggested with apparent approval in *State ex rel. Green Bay & M. R. Co. v. Jennings,* 48 Wis. 549, 553, 4 N. W. 641. Promptness in applying for such relief is stated to be one of the required conditions for its allowance in *State ex rel. Southern C. Co. v. Circuit Court,* 187 Wis. 1, 4, 203 N. W. 923, 48 A. L. R. 894, citing *State ex rel. Milwaukee E. R. & L. Co. v. Circuit Court,* 133 Wis. 442, 113 N. W. 722.

The right to such writ being entirely a discretionary one,

that its present issuance may lead to inequitable results is also sufficient reason for its denial. *State ex rel. Horton v. Brechler,* 185 Wis. 599, 608, 202 N. W. 144.

All this is in accord with other authorities. *U. S. ex rel. Arant v. Lane,* 249 U. S. 367, 371, 39 Sup. Ct. 293; 38 Corp. Jur. 831; 18 Ruling Case Law, 335.

Furthermore, even were we to overlook the matter of delay, there would be a serious and doubtful question presented whether any proper showing is made for the issuing by us of the writ of *mandamus,* inasmuch as the court below, having jurisdiction to act in the matter, and having acted promptly, even though erroneously, still the writ of *mandamus* is not to take the place of error or appeal. *State ex rel. Southern C. Co. v. Circuit Court,* 187 Wis. 1, 203 N. W. 923, *supra; State ex rel. Kratche v. Civil Court,* 179 Wis. 270, 191 N. W. 507. See, also, *State ex rel. Cooper v. Brazee,* 139 Wis. 538, 541, 121 N. W. 247; *State ex rel. Cazier v. Turner,* 145 Wis. 484, 130 N. W. 510; *State ex rel. Pfeiffer v. Taylor, Judge,* 19 Wis. 566.

The situation is entirely different from that presented in *State ex rel. McGovern v. Williams, Circuit Judge,* 136 Wis. 1, 116 N. W. 225, where the ruling of the inferior court was against its jurisdiction, and based upon such error there was a refusal to proceed at all in the matter there pending, and *mandamus* was allowed.

Here there was ample opportunity for such an application after the commencement of the action in the circuit court against relator in April, the serving of its answer on May 21st, specifically setting forth the precise situation as to the city of Columbus upon which is now based the relator's assertion that such city should be made a party, and all long prior to the case being subject to the call of the calendar and for possible immediate trial on September 19th. The matter might therefore have been properly disposed of upon prompt action and without any consequent possible or probable adjournment over the September term. For clearly,

in the orderly course of procedure, the city of Columbus, if made a party, would have to be allowed a reasonable time to interpose any appropriate pleading. The delay, therefore, in making application to the court in which the action was pending, to the evident detriment or injury of the plaintiff in inevitably postponing her right to a speedy trial, was sufficient justification for the respondent's denial of the application as and when made to him, and for our refusal to further interfere.

*By the Court.*—Motion to quash the alternative writ of *mandamus* is granted, and the proceedings herein dismissed.