LaForge and others, Appellants, vs. State Board of Health and others, Respondents.

*January 7—May 20, 1941.*

R. *van Wolkenten* of Madison, for the appellants.

For the respondents there were briefs by the *Attorney General* and *Warren H. Resh,* assistant attorney general, and oral argument by *Mr. Resh.*

A brief was also filed by *P. F. Leuch* of Milwaukee, on behalf of the Wisconsin Renderers Association, Inc., as *amicus curiæ.*

The following opinion was filed February 4, 1941:

FAIRCHILD, J.   The statute relating to the rendering business on which appellants rely in their application for a license is an exercise by the state of a self-protecting right under the police power, and it regulates transportation over its highways of dead animal matter likely to spread disease as well as the construction and operation of the plants in which the matter is to be rendered.   Within its own borders the state may efficiently inspect and regulate the business, but the police power of one state cannot be extended so as to control acts beyond its jurisdiction.   Regulation of out-of-state plants might be accomplished by some arrangement between states, such as the suggested reciprocal agreement, whereby renderers in each state would have the same rights in the other states entering

into the reciprocal agreement. This would bring within reach of each state the control of inspection and regulation and assure interested dealers in each of the states of similar opportunities. The statute provides for rule making by the Board of Health, and licensing of renderers. It contains the provision that "it shall be unlawful to transport dead, dissected dead animals or entrails of dead animals on the public highways in this state, except by a renderer licensed under this section and as otherwise provided by section 95.50." Sec. 146.12 (11) (b), Stats.

The real controversy is over the appellants' desire to collect dead animal matter in Wisconsin and transport it to their plant in Illinois. They cannot carry such dead matter over Wisconsin highways unless licensed under this act. They therefore seek a license. The law is that the transportation of such matter "shall not be allowed into other states, except by reciprocal agreement with adjoining states or under rules of the board." Sec. 146.12 (11) (b), Stats.

From the facts disclosed appellants would be entitled to a renderer's license if their rendering plant were located in Wisconsin. Does the fact that only part of their business (that of collecting animal matter) can be carried on in this state preclude them from obtaining a license? They argue that the statute read as a whole contemplates shipment out of the state by licensed renderers and hence the licensing of out-of-state renderers; that the terminology of the act does not distinguish between domestic and foreign renderers; and they insist that this fact demonstrates that the legislature intended to provide for out-of-state transportation through reciprocal agreements and under rules made by the Board of Health.

The clause of the statute which thus requires consideration provides that transportation "shall not be allowed into other states, except by reciprocal agreement with adjoining states or under rules of the board." This business includes the collection of dead animal matter, its transportation to, and disposal at, a rendering plant. The plants in which the rendering

takes place are to be constructed and operated according to the terms of the statute. The terms of the statute associate process and place. In the granting of the licenses it is required that both be subject to inspection and regulation. Necessarily these elements are bound together and constitute a single licensed operation.

There is no question here concerning interstate commerce. *Sligh v. Kirkwood,* 237 U. S. 52, 59, 60, 35 Sup. Ct. 501, 59 L. Ed. 835 ; *Clason v. Indiana,* 306 U. S. 439, 59 Sup. Ct. 609, 83 L. Ed. 858.

It is understood that no reciprocal agreement between this state and any adjoining state exists in relation to the rendering business. It is stated in the appellants' brief that an attempt has been made to bring about a reciprocal agreement between Illinois and Wisconsin, but that upon the advice of the attorney general the board refrained from entering into such an agreement. It is pointed out by the attorney general that no state authority in Illinois is competent to enter into such an agreement, because under the laws of that state the regulation of rendering plants is left to the several municipalities within that jurisdiction. The "reciprocal-agreement" provision not being applicable, we look to the "rule-making" provision to see if it can aid the appellants. It reads "or under rules of the board." In considering that language it must be evident that no rule of the Board of Health could bring to that board the right to inspect and regulate a rendering plant in a neighboring state. Although an operator of a rendering plant might be willing, as the appellants here are, to do everything they can to satisfy the requirements of the board, a license is not to issue except where the board has a right to inspect and where the disposal plant has been constructed to comply with the specifications set forth in sub. (7) of sec. 146.12, Stats. By its use of the words "or under rules of the board" it is considered the legislature expressed an intention that the highways of this state should not be used for out-of-state transportation except as there may be a reciprocal agreement. The words "or under

rules of the board" do not amplify the power of the Board of Health in the matter of issuing licenses, and the word "or" there used, considering its place and the real meaning of the statute, conveys the idea that whatever transportation occurs shall be under the rules of the board. Sub. (9) provides that the board shall make rules for the conduct of such business, "but said rules shall not be less stringent than the provisions of this section, and all persons engaging in such business shall comply with the rules." When consideration is given to the object and wording of the statute, it becomes evident: (1) That the words under consideration as used by the legislature related to things other than the issuing of a license, and (2) that the true meaning of the enactment is expressed when that phrase is read "except by reciprocal agreement *and* under rules of the board." This construction replacing "or" with "and" is justified by reason of the underlying purpose of the statute. There must be a reciprocal agreement before there would in such case be occasion for a rule. See 2 Lewis' Sutherland, Statutory Construction, p. 756, § 397; Crawford, Statutory Construction, p. 322, § 188.

Under the circumstances here presented, *mandamus* does not lie. 5 Bryant, Wisconsin Pleading and Practice (2d ed.), p. 127, § 865; 38 C. J. p. 869, § 588; p. 872, § 589; Merrill, Mandamus, p. 65, § 57; *State ex rel. Comstock v. Joint School District,* 65 Wis. 631, 638, 27 N. W. 829, 56 Am. Rep. 653; *Burgin v. Deuel,* 189 Wis. 648, 207 N. W. 272; *State ex rel. Wisconsin P. & L. Co. v. Zimmerman,* 194 Wis. 193, 215 N. W. 887.

There being no reciprocal agreement between this state and Illinois, and no showing of a violation or neglect of clear duty imposed by the statute on the Board of Health, the motion to dismiss was properly granted.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied, with $25 costs, on May 20, 1941.