MORATTO and another, by Guardian *ad litem,* Appellants, vs. HARPER, Secretary of the State Board of Health, and others, Respondents.

*February 5—March 11, 1941.*

The cause was submitted for the appellants on the brief of *Robert A. Hess,* attorney, and *Saul Cooper* of counsel, both of Milwaukee, and for the respondents on that of the *Attorney General* and *Warren H. Resh,* assistant attorney general.

FAIRCHILD, J.   Appellants base their claim to the relief sought upon the facts that they enrolled in the Lee Beauty School of St. Paul, Minnesota, on September 5, 1939, and completed one thousand one hundred forty-four hours of instruction in the cosmetic art in that school.   The appellants were refused permission to take the examination as to their fitness to practice cosmetic art in Wisconsin because their school had not been registered or approved and because they had not completed one thousand five hundred hours of study. The petition, the sufficiency of which is brought in question by the motion to quash, shows that appellants have not had the required hours of training, and there is no claim that the school in which they enrolled is entitled to the required recognition.

Appellants assert the law is unconstitutional in that it requires greater qualifications under the law as amended than were demanded under the law at the time of their enrollment in school; that by reason of there being no standards for the board's approval of schools, the law is unconstitutional; and that the statute discriminates against residents who are enrolled in out-of-state schools.

Respondents argue that the requirement of one thousand five hundred hours is reasonable and valid and has not been met; that the plaintiffs do not come within the exemption provided by the amendment, sec. 159.08 (5), Stats.; and that even under the law as it stood when they enrolled before

the amendments, plaintiffs have not shown their school was approved by the board so as to give them a right to take the examination.

When appellants entered the school at St. Paul the statutes then in existence required six months' apprenticeship "including time spent in instruction in a beauty parlor or school of cosmetic art." Sec. 159.08 (b), Stats. 1937. Such a school was and still is defined as one established under sec. 159.02, Stats., which requires a school to have "a proper certificate of registration." Lacking all that, appellants have no right to take the examination under the statute as it existed when they enrolled in school. Consequently, they obtained no vested right, the deprivation of which could be argued as a ground of unconstitutionality.

In so far as material here the amendment of 1939 merely increased the required training period from six hundred hours to one thousand five hundred hours. Appellants concede they have only one thousand one hundred forty-fours hours of training, so they have no right under the law as amended, unless it be that they come within the exemption clause of the amendment, sec. 159.08 (5), Stats. 1939. That section provides that the new requirements "shall not apply to any duly registered apprentice in any beauty parlor in the state at the time of the enactment of this section nor to any student enrolled in a cosmetic school at the time of the enactment of this section, *provided that said school has been approved by the board.*" Under this exception clause likewise appellants have no right to take the examination, for there is not even a claim that their school was approved. The burden of showing that the school meets the required standards is upon the petitioner who seeks to establish a right as a result of his graduation from it. *State ex rel. Coffey v. Chittenden,* 112 Wis. 569, 88 N. W. 587.

We conclude that since the plaintiffs have not met the educational requirements of the statutes and did not pursue

their studies in a school which is acceptable under our statutes, they cannot claim the right to take the examination. A writ of *mandamus* is confined to the enforcement of specific duties imposed by law. *State ex rel. Wisconsin P. & L. Co. v. Zimmerman,* 194 Wis. 193, 215 N. W. 887; 38 C. J. p. 872, § 589; Merrill, Mandamus, p. 64, § 57.

The question as to whether a minor severable clause of a statute may be challenged as unconstitutional in a proceeding where an applicant for a license concedes the constitutionality of the remaining portions of the act and accepts the benefit thereunder is not before us. But as to the contention that this statute is unreasonable and an arbitrary extension of the police power, we are of the opinion that appellants are in no position to raise the question because they seek a license under the act. 11 Am. Jur. p. 767, § 123; 16 C. J. S. p. 191, § 90 (b); 38 A. L. R. 286; *Buck v. Kuykendall,* 267 U. S. 307, 316, 45 Sup. Ct. 324, 69 L. Ed. 623; *Gagnon v. Department of Agr. & M.* 232 Wis. 259, 286 N. W. 549; *State ex rel. Kellogg v. Currens,* 111 Wis. 431, 87 N. W. 561.

*By the Court.*—Order affirmed.