FRED A. RISSER, Chairperson Senate Organization Committee
The Senate Organization Committee has asked for my formal opinion on whether section 562.057, Stats., of the pari-mutuel enabling legislation violates article IV, section 24 of the Wisconsin Constitution as amended in April 1987.
The constitutional amendment ratified by the electorate in 1987, and which is now article IV, section 24(5) of the Wisconsin Constitution, provides: "This section shall not prohibit pari-mutuel on-track betting as provided by law. The state may not own or operate any facility or enterprise for pari-mutuel betting, or lease any state-owned land to any other owner or operator for such purposes."
Section 562.057 provides:
 Simulcasting permitted. The board may permit a licensee under s. 562.05(1)(b) to engage in simulcasting of not more than 9 races each year. All rules of the board governing pari-mutuel betting and all other laws governing pari-mutuel betting apply to simulcasting, except as otherwise provided by rule. No person may engage in simulcasting except as provided in this section.
The question the committee poses is whether simulcasting as permitted under section 562.057 violates the constitutional amendment because it is not "on-track betting."
The Wisconsin Supreme Court has previously articulated the analysis which the courts employ in interpreting provisions of the Wisconsin Constitution. Buse v. Smith, 74 Wis.2d 550,247 N.W.2d 141 (1976); Board of Education v. Sinclair,65 Wis.2d 179, 222 N.W.2d 143 (1974).
We have said that the court will examine:
 "(1) The plain meaning of the words in the context used;
 "(2) The historical analysis of the constitutional debates and of what practices were in existence in 1848, which the court may *Page 300 
reasonably presume were also known to the framers of the 1848 constitution, see State ex rel. Zimmerman v. Dammann (1930) 201 Wis. 84, 88, 89, 228 N.W. 593; and State ex rel. Comstock [v. Joint School District, 65 Wis. 631, 27 N.W. 829 (1886)]; and
 "(3) The earliest interpretation of this section by the legislature as manifested in the first law passed following the adoption of the constitution. Payne v. Racine (1935), 217 Wis. 550, 259 N.W. 437."
State v. Beno, 116 Wis.2d 122, 136, 341 N.W.2d 668 (1984);Jacobs v. Major, 139 Wis.2d 492, 502, 407 N.W.2d 832 (1987).
I therefore employ this analysis in determining whether section562.057 is constitutional under the constitutional amendment enacted in 1987, except that I will refer to the legislative history of Assembly Joint Resolution 45 instead of the historical analysis of the constitutional debates of 1848.
THE PLAIN MEANING OF "ON-TRACK" BETTING
The constitution refers to "on-track" betting. There is no dictionary definition of on-track betting. However, several dictionaries do refer to "off-track" betting. The American Heritage Dictionary defines "off-track" as "of or pertaining to gambling on horse races that is conducted away from a racetrack," and defines "off-track betting" as a "system of placing bets away from a racetrack."
Webster's New Collegiate Dictionary defines "offtrack" as "away from a racetrack." Webster's Ninth New Collegiate Dictionary 820 (9th ed. 1983).
The plain meaning of the words "on-track" would, therefore, indicate at a racetrack. The plain meaning, however, does not answer the question whether the racetrack on which the betting occurs must also be the racetrack conducting the race bet upon.
 LEGISLATIVE HISTORY OF ASSEMBLY JOINT RESOLUTION 45
Prior to Assembly Amendment 3, article IV, section 24(5) of the Wisconsin Constitution provided: "This section shall not prohibit pari-mutuel betting on horse racing as provided by law." That provision was very broad and would have permitted the Legislature to authorize even off-track betting. *Page 301 
Assembly Amendment 3 to Assembly Substitute Amendment 1 to 1985 Assembly Joint Resolution 45 limited the type of betting that could be allowed by adding the language "on-track betting as provided by law on horse races conducted in this state" after the word "pari-mutuel." Assembly Amendment 3 to Assembly Substitute Amendment 1 was adopted by the assembly.
After its adoption, the reworded article IV, section 24(5) of the Wisconsin Constitution read: "This section shall not prohibit pari-mutuel on-track betting as provided by law on horse races conducted in this state."
In approving this amendment, the assembly apparently believed that "on-track" referred to more than betting only on the races being conducted at the track at which the bet was placed since the assembly added the qualifying phrase "on horse races conducted in this state." If the assembly thought that "on-track" limited the betting to the races at the track where the bet was placed, the qualifying phrase would have been unnecessary.
When the joint resolution was acted on by the senate several differences arose and the resolution went to conference committee. The preliminary draft of Conference Amendment 1 to Assembly Substitute Amendment 1 to 1985 Assembly Joint Resolution 45 contained the following language as its first sentence: "This section shall not prohibit pari-mutuel on-track betting as provided by law on horse and dog races conducted in this state." In its final form the language "on horse and dog races conducted in this state" was removed and a period was inserted after the word "law." The Conference Amendment 1 to Assembly Substitute Amendment 1 to 1985 Assembly Joint Resolution 45 was adopted by both houses of the Legislature in that form. That form was adopted in the second consideration and ratified by the voters in 1987.
This legislative history leads me to conclude that the Legislature consciously removed the requirement that the horse or dog races which would be permitted under enabling legislation would not, by constitution, be required to be conducted in Wisconsin. Whether the electorate so viewed the language when they approved the amendment is much less clear to me but probably undeterminable. I must conclude that the framers did not intend "on-track" pari-mutuel wagering to exclude such wagering on races conducted in other states. *Page 302 
 STATUTORY IMPLEMENTATION OF THE CONSTITUTIONAL AMENDMENT
The first legislation passed following the adoption of the constitutional amendment was chapter 562. Section 562.057 allows simulcasting to a facility licensed by the Wisconsin Racing Board. A fair reading of the language of section 562.057 leads me to conclude that the board may authorize pari-mutuel wagering only within the confines of a facility licensed under section562.05(1)(b). That is pari-mutuel betting not located at a fair.
State constitutions typically establish governments of general powers which possess all power not denied by the state constitution. 16 Am. Jur. 2d Constitutional Law §§ 16, 329 (1979). "The legislature, therefore, has plenary power to legislate all laws not forbidden by the state constitution."Jacobs, 139 Wis.2d at 507. Statutes enjoy a strong presumption of constitutionality. A statute will be upheld unless it is unconstitutional beyond a reasonable doubt. Milwaukee Brewers v.DH SS, 130 Wis.2d 79, 387 N.W.2d 254 (1986).
In view of the plenary power of the Legislature and the strong presumption of constitutionality, some courts have held that where a constitutional provision may have either of two meanings and the Legislature has by statute adopted one, that action is well nigh, if not completely, controlling on the courts. City,etc., of San Francisco v. Industrial Acc. Commission,183 Cal. 273, 191 P. 26 (1920); Pacific Indemnity Co. v. IndustrialAccident Commission, 215 Cal. 461, 11 P.2d 1 (1932).
In my opinion, the requirement of "on-track" betting may be reasonably interpreted in two ways: (1) "On-track" is limited to the pari-mutuel wagering only on a race which is conducted at the licensed racetrack at which such wagering occurs; (2) "On-track" allows the pari-mutuel wagering at a licensed racetrack regardless of where the race is conducted. I cannot say that the Legislature's selection of the latter interpretation in allowing simulcasting under section 562.057 is unconstitutional beyond a reasonable doubt. Therefore, it is my opinion that if our courts were presented with the question, they would uphold the constitutionality of section 562.057.
DJH:WDW *Page 303