TOWN OF HUSTISFORD, Appellant, vs. KNUTH, Respondent.

*May 12—June 21, 1926.*

*Highways: Use by abutting owner: Fee in highway: Use not inter-
·        fering with right of public.*

1. In an action in equity by a town to compel the removal of a
   culvert constructed by the defendant in a highway in front
   of his premises, the evidence is *held* insufficient to show an
   interference with the rights of the public entitling the town
   to relief. p. 496.
2. The fee to the highway remains in the abutting owners, who
   may make such reasonable use of it as does not interfere
   with the right of the public. p. 496.

APPEAL from a judgment of the county court of Dodge
county: DAVID W. AGNEW, Judge. *Affirmed.*

This is an appeal from a judgment dismissing the plaint-
iff's complaint.

For the appellant there was a brief by *Lueck, Clark &
Lueck* of Beaver Dam, and oral argument by *Arthur W.
·Lueck.*

For the respondent there was a brief by *Kading & Kad-
ing,* and oral argument by *Harold M. Dakin* and *August
Kading,* all of Watertown.

CROWNHART, J.   This was an action in equity to compel
the removal of a wooden culvert constructed by the ·de-
fendant in front of his premises, fronting on the Hustis-
ford-Woodland highway, where the driveway enters the de-
fendant's farm from such public highway.

The highway runs in a northerly and southerly direction.
The lands in that vicinity, over which the road passes, at
the point in question slope westerly and southerly, and the
defendant's lands are on the west side of the highway.
Over fifty years ago a culvert was put in the highway at
the defendant's north line for the purpose of carrying the

water across from the easterly side to the westerly side and
thence to be drained on the plaintiff's land in a natural
slope in a semicircle around upon the defendant's land and
onto a farm adjoining at the south, and finally back across
the highway. This culvert was finally filled up about fifty
years ago, and remained so until 1922, at which time the
highway was improved and a new culvert was placed where
the old one formerly existed, and both sides of the highway
were ditched. Before the new culvert was put in, the water
from the east side of the highway substantially all found
its way south along the ditch on the easterly side. In mak-
ing the ditches along the highway the authorities did not
make a ditch where the defendant had his driveway from
the highway onto his farm. This resulted in holding the
water which crossed the highway through the culvert at his
north line from passing along the ditch on the west side
of the highway, and which caused it to back up and re-
main in the ditch or to overflow onto defendant's land.
Defendant thereupon completed the ditch and made a cul-
vert allowing the water to pass through. This culvert did
not in any way obstruct travel on the highway or in any
wise interfere with the use of the highway by the public.
However, complaint was made that the water was diverted
from its natural course, and the highway authorities or-
dered the defendant to restore the driveway to its original
condition, which he refused to do, and this action followed.

It is well settled law that the fee to the highway remains
in the abutting owners, and that they may make such use
of the highway as may be reasonable which does not in-
terfere in any way with the public's right in the highway.
The evidence in this case clearly shows that the acts of the
defendant did not in any wise interfere with the rights of
the public, and that his completing the ditch on the west
side of the highway resulted in no damage to the town or
the public. This was an action in equity, and the trial

court found no equity in the plaintiff's position. The judgment of the county court was clearly right.

*By the Court.*—The judgment of the county court is affirmed.