TOWN OF ST. JOSEPH, Appellant, vs. WILLOW RIVER POWER COMPANY, Respondent.

*May 12—June 12, 1931.*

*W. T. Doar* of New Richmond, for the appellant.
*Spencer Haven* of Hudson, for the respondent.

ROSENBERRY, C. J.  It is to be noted that it is nowhere alleged in the complaint that the building and erection of the dams referred to was wrongful or unlawful.  It must therefore be presumed that the dams were built in the exercise of authority conferred upon the defendant.  The questions urged upon this appeal have been thoroughly and carefully considered by this court in two prior cases.  *Levis v. Black River Imp. Co.* 105 Wis. 391, 81 N. W. 669, and *Marion v. Southern Wis. Power Co.* 189 Wis. 499, 208 N. W. 592.  These cases so fully and completely answer the contentions made by the plaintiff that no good purpose will be served by restating what was so fully and carefully stated in those cases.  Whatever the decisions may be in other states, it is considered that these matters are, so far as this state is concerned, set at rest in the cases referred to.  The town having incurred no expense in the repair

and restoration of the highways in question, it is in no position under the rule announced in *Levis v. Black River Imp. Co., supra,* to maintain an action against the defendant for damages. While the facts constituting the plaintiff's alleged cause of action are set out in a wealth of detail, this is the essential question raised by the demurrers, which were properly sustained.

The plaintiff attempted to avoid the operation of the rule of the cases referred to by allegations contained in the complaint to the effect that if the town should be required to first make the repairs and then bring an action to recover therefor, an unreasonable tax burden would be imposed upon the plaintiff. It cannot be that the extent of the damage done by the flooding of the highways in any way changed the nature of the town's right to recover. As pointed out in the *Levis Case, supra,* the town has no proprietary interest in its highways. It is charged with the duty of maintaining them. When it has been compelled to disburse moneys in the discharge of its governmental function, it may under the rule laid down in the *Marion Case, supra,* recover therefor. If it has no proprietary interest in twenty rods of highway, it has none in twenty miles of highway. Its interest remains the same in either case. If a situation exists where under authority of law dams are being constructed which destroy highways and thereby unreasonable hardships for governmental subdivisions are created, it is a matter for the legislature. A slight knowledge of the conditions which obtain where large bodies of water are set back by dams makes it plain that the maintenance of highways as they existed prior thereto might not only be unreasonably expensive but practically useless. Some substitute should be provided for the present method. The court went as far as legal principles will permit it to go in the *Marion Case.*

In this court there was an attempt to sustain the complaint on the ground that it stated a cause of action in equity for

mandatory relief. The complaint contains no allegation that the restoration of the highway is feasible, reasonable, or even desirable. Other allegations appropriate to such an action are wanting so that the complaint cannot be sustained on that theory.

*By the Court.*—Order affirmed.