CAPITOL INDEMNITY CORPORATION, Respondent, v. MORRIS and others, Defendants: ST. PAUL FIRE & MARINE INSURANCE COMPANY, Appellant.

*No. 32. Argued March 2, 1970.—Decided April 3, 1970.*
(Also reported in 175 N. W. 2d 479.)

For the appellant there were briefs by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Phillip E. Crump* of counsel, all of Milwaukee, and oral argument by *Mr. Crump.*

For the respondent there was a brief by *Bruce Gillman and Arthur, Tomlinson & Gillman,* all of Madison, and oral argument by *Bruce Gillman.*

WILKIE, J.   But one issue is presented which is dispositive of this appeal: Did the trial court abuse its discretion in denying St. Paul's petition to intervene in the state action?

Since 1963, intervention in Wisconsin has been governed by sec. 260.205, Stats., which provides:

"If in an action for the recovery of property, a person not a party has an interest in the property, or if in any other action, a person not a party has such an interest in the subject matter of the controversy as requires

him to be a party for his own protection, and such person applies to the court to be made a party, *the court may order him brought in.* The motion shall be accompanied by a complaint or answer stating the cause of action or defense desired to be interposed. If the motion is granted the court shall indicate in its order the existing parties on whom the pleading should be served, and the time within which it should be served. If answer or reply is proper, the party served shall have 20 days in which to answer or reply." (Emphasis added.)

It is clear that the language of this section is couched in discretionary terms. Prior to this section, intervention was ordered either as a matter of right, or in the discretion of the court.[1] When intervention was not a matter of right, the trial court was given wide discretion.[2] The intervenor needed to show, as still provided by the above section, such interest in the controversy as requires him to be a party in order to protect this interest. In describing this interest this court has said:

". . . The interest which entitles one to intervene in a suit between other parties must be an interest of such direct and immediate character that the intervenor will either gain or lose by the direct operation of the judgment. One whose interest is indirect cannot intervene as a matter of right."[3]

Of course, here, we are not dealing with a question of intervention as a matter of right, thus the critical inquiry becomes whether the trial court abused its discretion in denying petitioner permission to intervene.

We are satisfied that the trial court did not abuse its discretion in denying St. Paul's intervention petition.

---

[1] *See* Note, 41 Marq. L. Rev. (1957–1958), 337.

[2] *See Schatzman v. Greenfield* (1956), 273 Wis. 277, 281, 77 N. W. 2d 511; *Fish Creek Park Co. v. Bayside* (1956), 273 Wis. 89, 93, 76 N. W. 2d 557; *Muscoda Bridge Co. v. Worden-Allen Co.* (1928), 196 Wis. 76, 98, 219 N. W. 428.

[3] *Lodge 78, I. A. of Machinists v. Nickel* (1963), 20 Wis. 2d 42, 46, 121 N. W. 2d 297.

If permitted to intervene, St. Paul asserted at oral argument in this court that it would attempt to have the amended judgment set aside and in the alternative attempt to appeal any judgment entered. St. Paul argues that the amended judgment should not have been entered naming Roblee-Johnson & Company, its named insured, a judgment debtor of Capitol. St. Paul further argues that contrary to Capitol's assertion, St. Paul, as a third party, was prejudiced by the entry of this amended judgment.

On the other hand, Capitol asserts that the amended judgment was actually a default judgment, inasmuch as Roblee-Johnson & Company was one of the originally named defendants, and it did not respond to the pleadings entered by plaintiff.

Regardless of whether this was an amended judgment or a default judgment, St. Paul's motion to intervene was properly denied.

The statute governing intervention does not specifically set forth a time by which such motion must be made. However, in *Hunt v. McDonald*,[4] this court held that it was not an abuse of discretion to deny intervention to a proper party after judgment had been entered. The situation presented here is similar.

Then too, intervention was properly denied here where St. Paul was once in the case, was successful in being dismissed by asserting the efficacy of its no-action clause, and had elected to do nothing to raise defenses for its insured despite the several opportunities it had to come forward and raise those defenses.

From the outset of this trial, St. Paul knew a claim had been made against its insured, yet it did nothing. It would not be unreasonable to expect the insurance company to do any of the following:

---

[4] (1905), 124 Wis. 82, 102 N. W. 318. *See also State ex rel. Wisconsin Power & Light Co. v. Zimmerman* (1927), 194 Wis. 193, 215 N. W. 887. *See generally* Annot. (1940), 127 A. L. R. 668.

1. Waive its no-action clause and remain a party to the action.

2. Defend its insured with or without a reservation-of-rights agreement to later deny coverage; and/or

3. Immediately start an action for declaratory relief as to coverage and its duty to defend.

By doing nothing, St. Paul took the gamble that its insured would not be held liable. It lost this gamble.

St. Paul alleges that if what was done here is affirmed it will be a judicial determination that it was liable for the malpractice of its named insured's predecessor without litigating the question of whether its named insured, Roblee-Johnson & Company, ever became legally obligated to assume these liabilities.

We do not consider whether, as a matter of defense, this can now be interposed in the pending action in federal court. We only decide here that as far as the state action is concerned, St. Paul was properly denied intervention in the precise litigation where it was once in the suit as a party and elected to get out, although it could have defended its insured Roblee-Johnson & Company, and presented its arguments against placing any portion of the liability for the malpractice on that firm.

*By the Court.*—Order affirmed.