HOPPMANN, and another, Intervenor-Appellants, v. REID, and another, Respondents.

Supreme Court

*No. 76-251. Submitted on briefs November 29, 1978.—
Decided January 9, 1979.*
(Also reported in 273 N.W.2d 298.)

For the intervenor appellants the cause was submitted on the briefs of *Charles P. Dykman* and *Dykman Law Offices* of Madison.

For the respondents there was a joint brief by *Daniel W. Hildebrand, Steven G. M. Stein* and *Ross & Stevens, S.C.*, for Dr. E. R. Hommel, president, Hilldale Centre, Inc., and *Jack McManus* and *McManus Law Office* for Joyce H. Reid, all of Madison.

SHIRLEY S. ABRAHAMSON, J. The trial court denied the motions of Ronald and Janice Hoppmann to intervene after judgment and to set aside the judgment. We affirm the trial court's order.

The facts are as follows: Hilldale Centre, Inc., rented property to Joyce Reid. The lease gave Reid a right of first refusal if Hilldale offered the property for sale but did not specify any time limit within which Reid had to exercise that right after an offer was received. After Hilldale had rejected several of Reid's offers to purchase (which offers were not made in exercise of her right of

first refusal), Hilldale listed the property for sale and held an open house to show it to prospective buyers. On April 14, 1975, Reid was given a copy of the Hoppmanns' offer to purchase for $55,000. She was told that Hilldale had accepted that offer subject to her right of first refusal and that she had forty-eight hours to respond to the Hoppmanns' offer. On April 16, 1975, Reid submitted an offer to purchase the property for $48,000. This offer was returned to her on April 17th, and on April 25, 1975, Reid received a sixty-day notice of termination of tenancy. During the last week of April, Reid offered the Hoppmanns $1,000 to rescind their $55,000 offer on the property. The Hoppmanns did not rescind their offer. On June 6, 1975, Reid offered to match the terms of the Hoppmanns' offer; Hilldale informed Reid by letter dated June 11 that it had accepted the Hoppmanns' offer.

When Reid did not leave the premises, Hilldale commenced an action to evict; Reid filed a suit against Hilldale for specific performance of her contractual right to acquire the property. The eviction and specific performance actions were consolidated for trial, and the cases were tried on a set of stipulated facts which included an affidavit by the Hoppmanns averring that they had made an offer to purchase the property, that they believed their offer had been accepted, and that they had acted in reliance on that belief. The affidavit also stated that the Hoppmanns were currently living in an apartment with rent being paid by Hilldale, "pending resolution of this lawsuit."

The trial court rendered its decision on September 3, 1975, holding that Reid had not waived her right of first refusal. The court found that the forty-eight hour time limit was not binding upon Reid, that Reid had consistently stated throughout the transactions that she was not waiving her right of first refusal, and that her intent subsequent to April 14, 1975, was to confirm the au-

thenticity of the Hoppmanns' offer and to determine what the terms of the sale were to be.

Reid filed a lis pendens on November 21, 1975. Judgment in favor of Reid was entered on December 1, 1975. On January 13, 1976, the Hoppmanns filed motions to intervene and to set aside the judgment. These motions were denied.

Sec. 260.205, Stats. 1973, governs intervention:

"If in an action for the recovery of property, a person not a party has an interest in the property, or if in any other action, a person not a party has such an interest in the subject matter of the controversy as requires him to be a party for his own protection, and such person applies to the court to be made a party, the court may order him brought in. The motion shall be accompanied by a complaint or answer stating the cause of action or defense desired to be interposed. If the motion is granted the court shall indicate in its order the existing parties on whom the pleading should be served, and the time within which it should be served. If answer or reply is proper, the party served shall have 20 days in which to answer or reply." [1]

Persons seeking intervention must show that they have such an interest in the property or in the subject matter of the controversy as requires them to be parties for their own protection. This court has held that intervention under sec. 260.205 is a matter lying within the discretion of the trial court; intervention is not a matter of right. *Mercantile Contract Purchase Corp. v. Melnick*, 47 Wis.2d 580, 589, 590, 177 N.W.2d 858 (1970); *Capitol Indemnity Corp. v. Morris*, 46 Wis.2d 527, 530, 531, 175 N.W.2d 479 (1970).

---

[1] The revised statutory provision for intervention, sec. 803.09, Stats., applies to actions commenced on or after January 1, 1976. Sec. 801.01(3)(a), Stats. This action was commenced on June 24, 1975.

The Hoppmanns argue that they are indispensable parties and therefore must be permitted to intervene after judgment. We do not accept this argument. A court may proceed even though an indispensable party has not been made a party to the suit. Failure to join an indispensable party does not deprive the court of jurisdiction. *Heifetz v. Johnson*, 61 Wis.2d 111, 211 N.W.2d 834 (1973). If an indispensable party cannot be joined, the court determines whether in equity and good conscience the action should proceed. Sec. 803.03, Stats.; Conway, *Wisconsin and Federal Civil Procedure*, sec. 13.01 (1976).

We conclude that allowing intervention in the case at bar was a matter within the discretion of the trial court and the issue on appeal is whether the trial court abused its discretion in denying the motion to intervene. We hold that the Hoppmanns had a sufficient interest in the property to permit their intervention but that the trial court did not abuse its discretion in denying the Hoppmanns' motion to intervene after judgment.

From the time of their offer the Hoppmanns knew that Reid had an interest in the real estate as tenant and holder of a right of first refusal. The Hoppmanns were advised of the eviction suit brought by Hilldale, and the Hoppmanns executed an affidavit in connection with that lawsuit. The trial court properly concluded that the Hoppmanns knew of the action prior to judgment and deliberately chose not to intervene. The trial court stated:

"The court, having considered the evidence and argument of counsel, finds that the movants had ample notice of the above captioned litigation, and could have intervened at any time while it was being litigated, and in fact chose not to by participating by affidavit only; that movants had notice of a right of first refusal held by [Reid]; that the movants knew of a lis pendens; and that Hoppmanns knew, or thought that Hilldale Centre was

more or less representing their interest in the above captioned action."

On appeal the Hoppmanns do not deny notice of the lawsuit. They claim they did not have *"notice of the nature of this action."* They assert that they did not know that the eviction action would involve the question of title to the real estate.

The trial court held that even if the Hoppmanns lacked actual notice that their title was in issue, their intervention after judgment was not warranted. Once the Hoppmanns had actual notice of the eviction action, as they did, they should have known their interest in the real estate might be involved. The statutes provide that in an eviction action the defendant may put the landlord's title in issue and may assert a counterclaim relating to the rented property. Sec. 299.43, Stats. Thus the Hoppmanns should have been alert to the possibility that a number of issues could be raised in the eviction action, including Hilldale's title to the property. The Hoppmanns could have easily monitored the progress of the eviction action to determine what issues were actually raised. The complaint, answer and other documents relating to the eviction action are of public record and were available to the Hoppmanns or their agents.

We cannot say that under these circumstances the trial court abused its discretion in denying the Hoppmanns the opportunity to intervene after judgment. It appears that the Hoppmanns, by electing to submit an affidavit rather than to participate actively in the eviction action, took the gamble that Hilldale (whose interests appear the same as the Hoppmanns) would win its suit against Reid. The Hoppmanns lost their gamble and need not be given a second chance to participate in the lawsuit.

Only a party may be granted relief from a judgment under sec. 269.46(1), Stats.:

"**Relief from judgments, orders and stipulations; review of judgments and orders.** (1) The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding. In addition to the required affidavits, all motions to vacate a judgment entered upon default or cognovit and to obtain a trial upon the merits shall be accompanied by a proposed verified answer disclosing a defense."[2]

Because the Hoppmanns were not permitted to intervene as parties they cannot seek to set aside the judgment.

*By the Court.*—Order affirmed.

---

[2] The revised statutory provision for relief from judgment, sec. 806.07, Stats., applies to all actions pending or commenced on or after January 1, 1976, except those actions in which trial has commenced prior to January 1, 1976. Sec. 801.01(3)(b), Stats. Trial in this case was held August 1, 1975.