Wade BERGER and Ilona Berger,
Plaintiffs-Appellants,

v.

TOWN OF NEW DENMARK, Defendant-Respondent,

William KREUGER and
Norbert Buresh, Defendants.

Court of Appeals

*No. 2011AP1807–FT. Submitted on briefs October 13, 2011.
—Decided January 10, 2012.*

2012 WI App 26

(Also reported in 810 N.W.2d 833.)

336

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Kurt A. Goehre*, of *Liebmann, Conway, Olejniczak & Jerry, S.C.*, Green Bay.

On behalf of the defendant-respondent, the cause was submitted on the brief of *James R. Sickel* and *Alexander J. Sickel* of *Hinkfuss, Sickel, Petitjean & Wieting*, Green Bay.

Before Hoover, P.J., Peterson, J., and Thomas Cane, Reserve Judge.

¶ 1. CANE, J.  Wade and Ilona Berger appeal an order dismissing their action challenging the Town of New Denmark's determination that their two parcels are of insufficient acreage for development. They assert that the parcels are of sufficient size when property underlying a county highway abutting their land is included in the acreage calculation. Further, they argue that the circuit court erroneously determined that fee title to the underlying highway property had been conveyed to Brown County by the Bergers' predecessors-in-interest.

¶ 2.  We conclude that the Bergers' predecessors-in-interest conveyed nothing more than easements to Brown County. Because this conclusion is sufficient to warrant reversal, we need not also consider whether the parcels are buildable under the Town's zoning ordinances. Accordingly, we reverse and remand for further proceedings.

## BACKGROUND

¶ 3.  The Bergers own two abutting parcels of land in the Town of New Denmark, Brown County. The parcels are numbered ND-176–2 and ND-309. Both are zoned A-1 Agricultural,[1] and both are bordered on the east by County Highway T.

¶ 4.  Since 2003, the Bergers have unsuccessfully sought building permits from the Town of New Denmark for both parcels. The applicable zoning regulations require a minimum area of 35 acres and zoning lot frontage of at least 500 feet.[2]

---

[1] Parcel ND-309 is also partially zoned A-R Agricultural-Residential.

[2] "Zoning lot frontage" is defined as "the length of all the property of such zoning lot fronting on a street, measured between side lot lines."

¶ 5.  In 2009, the Bergers requested that the Town Board clarify whether ND-176–2 and ND-309 were buildable lots comprising at least 35 acres. The board minutes show that Wade Berger presented a plat showing that property from ND-309 had been added to ND-176–2 to make ND-176–2 compliant with the 35–acre requirement. Similarly, the plat indicated that the Bergers added to ND-309 property purchased from a third party to make ND-309 compliant. After these conveyances, the Bergers' plat showed each parcel contained 35.190 acres. The board ultimately referred the matter to the Town Plan Commission to verify the size of the parcels.

¶ 6.  Several months later, the Bergers requested that the Town Board approve building permits for ND-176–2 and ND-309. The Bergers' requests were denied, in part based on the acreage requirement. The board concluded that the zoning ordinance required exclusion of roads when calculating the total amount of acreage. Excluding land occupied by County Highway T, the parcels each contained approximately 34.5 acres.[3]

¶ 7.  The Bergers filed suit, seeking a declaration that their parcels were buildable under the ordinance. The Town filed a motion to dismiss, accompanied by a brief asserting that the lots were not buildable because Brown County, not the Bergers, owned the land on which County Highway T was located.[4] The Town attached to its brief copies of two conveyances, one each

---

[3] According to the board minutes, the acreage of ND-309, excluding County Highway T, is 34.515. The minutes do not indicate the precise acreage of ND-176–2 when the highway is excluded, but because the lots were of uniform size according to the Bergers' 2009 plat, we assume it is also 34.515 acres.

[4] The Town also objected on the ground that the proper vehicle for relief was a writ of certiorari or mandamus. The circuit court did not decide that issue in its written order.

dated 1951 and 1956, purporting to show that Louis and Mary Selner, the Bergers' predecessors-in-interest, had conveyed full title of the land to Brown County.[5]

¶ 8.   Brown County paid the Selners $109.38 and $230.20, respectively, for the land conveyed in 1951 and 1956. Both documents contain the same form language regarding the conveyance:

> It having been deemed necessary for the proper improvement or maintenance of a county aid highway, and so ordered, to change or relate a portion thereof through lands owned by Louis Selner and Mary Selner . . . in the Town of New Denmark, Brown County, and a plat showing the existing location, the proposed change and the right of way to be acquired, having been filed with the County Clerk of said County by the County Highway Commission as required by Section 83.08, Wisconsin Statutes; . . . .
>
> KNOW ALL MEN BY THESE PRESENTS, That the said owner . . . for . . . valuable consideration, . . . the receipt of which is hereby acknowledged, do . . . hereby grant and convey to Brown County, Wisconsin, for highway purposes as long as so used, the lands of said owner necessary for said relocation shown on the plat and described as follows . . .
>
> [Legal description of property omitted]
>
> A covenant is hereby made with the said Brown County that the said grantor holds the above described premises by good and perfect title; having good right and lawful authority to sell and convey the same; that said premises are free and clear from all liens and encumbrances whatsoever except as hereinafter set forth[.]

---

[5] Because matters outside the pleadings were received by the circuit court, we construe the motion as one for summary judgment pursuant to WIS. STAT. § 802.06(3).

All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

¶ 9. The circuit court granted the Town's motion. It determined that "Parcels ND-176-2 and ND-309 are not buildable lots in that they do not meet the 35 acre requirement and, as such, the Town of New Denmark was not incorrect in its determination . . . ." It rejected the Bergers' argument that the 1951 and 1956 conveyances granted only an easement, stating, "But I think there's a big jump, quite frankly, to assume that because it was a conveyance of land for highway purpose it was by definition an easement. . . . It looks to me as if the county for whatever reason wanted to own this property."

## DISCUSSION

¶ 10. We review a grant of summary judgment de novo, and we apply the same standard as the trial court. *Mach v. Allison*, 2003 WI App 11, ¶ 14, 259 Wis. 2d 686, 656 N.W.2d 766. "A party is entitled to summary judgment if there are no disputed issues of fact and that party is entitled to judgment as a matter of law." *Id.*; *see also* WIS. STAT. § 802.08(2). In this case we must examine the language of the conveyances to determine what interest—easement or fee simple—the Selners granted to Brown County. We construe conveyances according to the intentions of the parties, as evidenced by the language used in the instrument. *Borek Cranberry Marsh, Inc. v. Jackson Cnty.*, 2010 WI 95, ¶ 12, 328 Wis. 2d 613, 785 N.W.2d 615; *Konneker v. Romano*, 2010 WI 65, ¶ 26, 326 Wis. 2d 268, 785 N.W.2d 432.

¶ 11. The language describing the 1951 and 1956 conveyances takes center stage in this appeal. Each instrument is entitled, "Conveyance of Land for Highway Purposes." Consistent with those titles, each in-

341

strument specifies that the lands conveyed were "for highway purposes as long as so used." The instruments further indicate that plats had been filed with the Brown County clerk showing "the existing [road] location, the proposed change and the right of way to be acquired." The Town and the Bergers reach dramatically different conclusions from this same language; the Town contends the Selners conveyed fee title to the land, while the Bergers assert the Selners conveyed nothing more than an easement.

¶ 12. Early courts took the view that a municipality could not acquire fee title in land occupied by a public highway. *See Thorndike v. City of Milwaukee*, 143 Wis. 1, 126 N.W. 881 (1910) (recognizing longstanding rule that "in the case of a road or street, whether acquired by condemnation, conveyance, by common-law dedication or by statutory dedication, the [municipality] takes only an easement for highway purposes"); *see also Stuart v. City of Neenah*, 215 Wis. 546, 255 N.W. 142 (1934); *Mueller v. Schier*, 189 Wis. 70, 205 N.W. 912 (1925). Early versions of WIS. STAT. § 83.08 permitted only the acquisition of a right of way, but by 1951 the statute had been amended to permit county highway committees to "acquire . . . any lands or interests therein for the proper improvement maintenance, relocation or change of any county aid or other highway or street . . . ." The statute encouraged the committee to "obtain easements or title in fee simple by conveyance of the lands or interests required . . . ." WIS. STAT. § 83.08 (1951).

¶ 13. Vestiges of the old rule remain, however. Absent express language to the contrary, our courts presume that the grantor of land to be used for roadways intended to convey only an easement. In *Walker v. Green Lake Cnty.*, 269 Wis. 103, 111, 69 N.W.2d 252

(1955), a county asserted it had gained full title to land underlying a highway by virtue of adverse possession. Our supreme court, quoting a legal encyclopedia, stated that, "[i]n the absence of a statute expressly providing for the acquisition of the fee, *or of a deed from the owner expressly conveying the fee,* . . . the public acquires merely an easement of passage, the fee title remaining in the landowners."[6] *Id.* (emphasis added). Wisconsin is not alone in requiring an express grant. *See Pluimer v. City of Belle Fourche,* 549 N.W.2d 202, 206 (S.D. 1996); *Northpark Assocs. No. 2, Ltd. v. Homart Dev. Co.,* 414 S.E.2d 214, 216 (Ga. 1992).

¶ 14.    If, as the Town asserts, the parties intended to grant Brown County title to the land, their choice of the phrase "right of way" is certainly curious. A right of way, "in its strict meaning, is 'the right of passage over another man's ground,' and in its legal and generally accepted meaning, in reference to a railway, it is a mere easement in the lands of others, obtained by lawful condemnation to public use, or by purchase." *Williams v. Western Union Ry. Co.,* 50 Wis. 71, 5 N.W. 482 (1880).[7] "It would be using the term in an unusual sense, by

---

[6] The Town contends that Wis. Stat. § 83.08 expressly permits counties to acquire fee title in lands. That is true, but it also expressly permits counties to acquire an easement. The statute itself is therefore of no help in determining what interest the Selners conveyed. *See Hattiesburg Realty Co. v. Mississippi State Highway Comm'n,* 406 So. 2d 329, 332 (Miss. 1981) (statute permitting commission to acquire land in fee does not, ispo facto, vest fee simple title).

[7] The Town attempts to distinguish *Williams v. Western Union Ry. Co.,* 50 Wis. 71, 5 N.W. 482 (1880), on the ground that the case at bar does not involve a railway. However, the Town has not supplied any logical rationale for treating public infra-

343

applying it to an absolute purchase of the fee-simple of lands to be used for a railway or any other kind of way." *Id.* Thus, the phrase "right of way" strongly suggests that Brown County received easements, gaining "only the right to a reasonable and usual enjoyment" of the land, with the Selners retaining "all the rights and benefits of ownership consistent with the easement." *See Kleih v. Van Schoyck*, 250 Wis. 413, 418–19, 27 N.W.2d 490 (1947); *see also Tibbitts v. Anthem Holdings Corp.*, 694 N.W.2d 41, 44 (S.D. 2005); *Ogg v. Mediacom, L.L.C.*, 142 S.W.3d 801, 811 (Mo. Ct. App. 2004) (use of terms like "right of way" is a "strong, almost conclusive" indication that interest conveyed is an easement).

¶ 15. Nor do the remainder of the instruments suggest the Selners conveyed anything more than easements. *See Northwest Realty Co. v. Jacobs*, 273 N.W.2d 141, 144 (S.D. 1978) (A deed using the term "right of way" should be construed as conveying an easement "unless the instrument, considered as a whole, indicates that the parties intended the passage of fee title."). The conveyances state that the land shall be used "for highway purposes." This language generally suggests that an easement, not fee title, was granted. *Cornfield Point Ass'n v. Town of Old Saybrook*, 882 A.2d 117, 132 (Conn. App. 2005) (term "for highway purposes" is consistent with an easement, but concluding that over-all context of each deed suggested conveyance of fee title); *Cuka v. State*, 122 N.W.2d 83, 85 (S.D. 1963) (option that allowed acquisition of property "for highway purposes only" granted only an easement). Thus,

---

structure, like highways, differently from railroads. In addition, *Williams*'s language extends beyond railway rights of way.

we conclude that the Selners conveyed only easements, not fee title, to Brown County.[8]

¶ 16.   The Town nonetheless points to covenants in the deeds as proof that Brown County gained fee title in the lands. The covenants state that the Selners held "the above described premises by good and perfect title; having good right and lawful authority to sell and convey the same . . . ." The covenants establish that the Selners had authority to convey whatever interest was contemplated by the instrument. They do not identify the scope of the interest conveyed.

¶ 17.   The Bergers and the Town appear to agree that further proceedings are necessary to resolve this dispute. The circuit court determined only that the parcels did not meet the ordinance's 35–acre requirement. It did not determine whether the parcels were otherwise buildable, or whether the ordinance allows for the inclusion of public right-of-ways when calculating acreage. We therefore remand for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded for further proceedings.

---

[8] As the grantee of the 1951 and 1956 conveyances, we assume that Brown County may have an interest in the outcome of this appeal. However, it has not been joined, nor has any party raised the issue of whether Brown County is a necessary party under WIS. STAT. § 803.03. Because the issue has not been raised, we decline to address it. *See Schopper v. Gehring*, 210 Wis. 2d 208, 212, 565 N.W.2d 187 (Ct. App. 1997). In any event, failure to join an indispensable party does not deprive a court of jurisdiction, and an action may proceed even in the party's absence. *Hoppmann v. Reid*, 86 Wis. 2d 531, 535, 273 N.W.2d 298 (1979).